**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

In re:

SUSAN MARIE HARRIS,                                    CASE NO.: 08-30376-LMK

Debtor.                                                CHAPTER: 13
_____/

SUSAN MARIE HARRIS,

   Plaintiff,

  v.                                                    ADV. PRO. NO.: 11-03021-LMK

BEN-EZRA & KATZ, P.A.,
LPS DEFAULT SOLUTIONS, INC. &
LENDER PROCESSING SERVICES, INC.,

   Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

   THIS MATTER came before the Court for hearing, on September 2, 2011, to consider Defendants LPS Default Solutions, Inc., Lender Processing Services, Inc.'s ("LPS Defendants") and Ben-Ezra & Katz, P.A.'s Motions to Dismiss Plaintiff Susan Marie Harris's Adversary Complaint (Docs. 10, 15) and the Motions to Dismiss Plaintiffs David Wayne and Elizabeth Ann Heckler's Adversary Complaint filed by the LPS Defendants and Enrico G. Gonzalez, P.A. (Docs. 11, 10). Two adversary complaints are pending in this case, both of which involve the same causes of action and resolution of the same legal issues. Two bankruptcy judges sitting in the Northern District of Florida determined it would be efficient to conduct a joint hearing on both complaints. As used in this Opinion, "Court" refers to both Judge Lewis M. Killian, Jr. and

1

Judge William S. Shulman.[1] Because the cases are not administratively consolidated, this Opinion will be entered in each case bearing the signature of only the judge before whom the case is pending. For reasons more fully explained herein, the Motions will be granted, and these adversary proceedings will be dismissed. The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334.

## BACKGROUND

These adversary proceedings were filed by the Debtors, Susan Harris, David Heckler and Elizabeth Heckler ("Plaintiffs"), on behalf of themselves and others similarly situated for alleged misconduct during the Plaintiffs' bankruptcy cases. The Complaints are filed against Ben-Ezra and Katz, P.A. ("Ben-Ezra"), Enrico G. Gonzalez, P.A. ("Enrico Gonzalez"), LPS Default Solutions, Inc. and Lender Processing Services, Inc. for allegedly seeking and splitting fees not disclosed to the bankruptcy court.

The Complaints set forth a "monopolistic" "conspiracy" whereby Lender Processing Services and LPS Default Solutions provide mortgage software servicing to mortgage lenders and servicers in return for the lenders and servicers agreement to use the attorneys that LPS Default Solutions recommends, such as those at the law firms of Ben-Ezra and Enrico Gonzalez. These attorneys then perform services to include the motions for relief from stay or other similar motions in bankruptcy cases on behalf of the mortgage lenders and servicers. The attorneys then, as alleged, illegally split the fees they receive from such services in the bankruptcy cases with the LPS Defendants, who purportedly benefit in a "Mephisthopelean" role. In the Complaints, the Plaintiffs make specific references to their Chapter 13 bankruptcy proceedings, using the cases to provide factual support for the allegations.

---

[1] Judge William S. Shulman is from the Southern District of Alabama sitting by designation in the Northern District of Florida.

The facts from the two bankruptcy cases which led to the adversary proceeds are substantially similar. The record in Plaintiff Susan Harris's ("Harris") case reflects that her Chapter 13 plan, as proposed and confirmed, provided for the Debtor to make direct regular monthly mortgage payments to American Home Mortgage Servicing, Inc. outside of the plan. First Am. Chapter 13 Plan, Susan Marie Harris, No. 08-30376, ECF No. 35. Post-confirmation, Harris defaulted on the required mortgage payments and American Home Mortgage Servicing sought relief from the automatic stay. The relief from stay motion sought attorney's fees and costs. Harris and American Home Mortgage Servicing then reached an agreement requiring Harris to make adequate protection payments and pay attorney's fees and costs directly to American Home Mortgage Servicing outside of the plan. Harris failed to make the adequate protection payments, and the court entered an Ex Parte Final Order Lifting the Stay for American Home Mortgage Servicing. Throughout the case, Ben-Ezra represented American Home Mortgage Servicing.

Similarly, in Plaintiffs David and Elizabeth Hecklers' ("Hecklers") Chapter 13 case, the plan, as proposed and confirmed, provided for the Hecklers to make regular monthly mortgage payments outside of the plan directly to Beneficial Florida, Inc. First Am. Chapter 13 Plan, David Wayne Heckler & Elizabeth Ann Heckler, No. 09-30754, ECF No. 37. Post-confirmation, the Hecklers failed to make the required monthly payments to Beneficial. Through its attorney, Enrico Gonzalez, Beneficial filed a motion for relief from the automatic stay and sought attorney's fees and costs. An agreed order for adequate protection was entered, requiring the Hecklers to pay adequate protection payments and attorney's fees and costs outside of the plan, directly to Beneficial. The Hecklers defaulted on the adequate protection payments and the Court granted Beneficial relief from the stay in a Final Order.

In both cases, neither Ben-Ezra nor Enrico Gonzalez sought compensation from the estate and no payments from estate property were made. The Complaints allege that Ben-Ezra and En-

3

rico Gonzalez illegally shared the fees they received from the relief from stay motions with the LPS Defendants. The Complaints assert ten different causes of action against all of the Defendants: (i) Abuse of the Bankruptcy Process, (ii) Fraud on the Court, (iii) Declaratory and Injunctive Relief, (iv) Violation of the Automatic Stay, (v) Contempt of the Bankruptcy Code, (vi) Contempt of the Federal Rules of Bankruptcy Procedure, (vii) Breach of the Uniform Covenants, (viii) Unauthorized Practice of Law, (ix) Civil Conspiracy, and (x) Violation of 18 U.S.C. § 155.

## STANDARD OF REVIEW

All Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In order "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___U.S. ____, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). A pleading is not sufficient if it merely offers "labels and conclusions" or "if it tenders naked assertion[s] devoid of further factual enhancement." *Id* (internal quotation marks and citations omitted). The Eleventh Circuit explained that a court, when considering a motion to dismiss, should adopt a two pronged approach: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotations and citations omitted).

## DISCUSSION

I. **Causes of Action That Can be Dismissed Without Addressing the Merits**

Four causes of action asserted by the Plaintiffs are fatally flawed from the outset and can be addressed without looking to the merits of the case.

4

### A. *Declaratory and Injunctive Relief*

The Plaintiffs seek a civil relief order declaring the Defendants' actions and practices as violating the Bankruptcy Code and Rules and seek an order permanently enjoining the Defendants from engaging in the purported actions described in the Complaint.

The Plaintiffs and the class members do not have standing for declaratory and injunctive relief, which invokes the Court's equitable powers. The Plaintiffs do not allege in the Complaint that they are at risk of imminent future harm. The Supreme Court held that in order to show a case or controversy sufficient to establish standing, the plaintiff must establish a real and immediate threat that he will again suffer similar injury in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Simply alleging that the Plaintiffs were exposed to past illegal conduct "does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects." *Id.* at 102. Further, the Eleventh Circuit has explained that "binding precedent in this circuit is clear that for an injury to suffice for prospective relief, it must be imminent." *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006). Without any allegation or showing of a real and immediate threat of future harm from any of the Defendants, Plaintiffs lack standing for the issuance of declaratory and injunctive relief.

### B. *Breach of the Uniform Mortgage Covenants*

Plaintiffs allege that Defendants breached the uniform mortgage covenants which required those who were a part of the original mortgage agreement to charge only "reasonable and necessary" fees. The only reference to the mortgage covenants in the Complaint is that they are identical to those published by Fannie Mae and Freddie Mac. The mortgage contract is neither attached to nor incorporated in the Complaint. Florida Rule of Civil Procedure 1.130 provides that contracts "upon which action may be brought or defense made…shall be incorporated in or attached to the pleading." Fla. R. Civ. P. 1.130. It is established under Florida law that "a com-

5

plaint based on a written instrument…does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated in the pleading in question." *Safeco Ins. Co. of Am. v. Ware*, 401 So.2d 1129, 1130 (Fla. 4th DCA 1981); *see also Diaz v. Bell Micro-Products-Future Tech, Inc.*, 43 So.3d 138, 140 (Fla. 3rd DCA 2010). Without the written instrument attached to or incorporated in the Complaint, the Plaintiffs failed to state a cause of action for breach of the uniform mortgage covenants.

### C. *Unauthorized Practice of Law*

Plaintiffs allege that the LPS Defendants are engaged in the unauthorized practice of law. Under Florida law, in order to state a cause of action for damages under any legal theory that arises from the unauthorized practice of law, the pleading must state that the Florida Supreme Court has ruled that the specified conduct at issue constitutes the unauthorized practice of law. *Goldberg v. Merrill Lynch Credit Corp.*, 35 So.3d 905, 907 (Fla. 2010). The Complaint does not set forth that the Florida Supreme Court has ruled that the alleged conduct of the LPS Defendants constitutes the unauthorized practice of law, thus this cause of action must be dismissed.

### D. *Violation of 18 U.S.C. § 155*

Plaintiffs allege that the Defendants violated the criminal statute, 18 U.S.C. § 155 and asks the Court to fine the Defendants "for the sake of example." Section 155, found under federal criminal law, does not create a private right of action. Under the 11th Circuit, in order for a federal statute to create a private right of action, the statute must contain "rights-creating language." *Love v. Delta Air Lines,* 310 F.3d 1347, 1352 (11th Cir. 2002). Section 155 addresses agreements to fix fees or other compensation between parties in interest in a bankruptcy case and explicitly states that those in violation of the statute "shall be fined…or imprisoned." The language of the statute does not evince an intent of Congress to create a private civil cause of action for damages. Accordingly, this count is dismissed.

## II. Remaining Causes of Action Depend on a Violation of Bankruptcy Rule of Procedure 2016

The linchpin of the remaining causes of action based on substantive Bankruptcy Code and Rule violations brought by the Plaintiffs is that the attorney's fees allegedly sought or received by the Defendants Ben-Ezra and Enrico Gonzalez constitute property of the estate and thus violate the fee splitting provision under Bankruptcy Rule of Procedure 2016. Rule 2016(a) provides, in relevant part, that:

> [a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, *from the estate* shall file [an application for compensation which shall include] whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case.

Fed. R. Bankr. P. 2016(a) (*emphasis added*).

In both Plaintiff Harris's and Hecklers' Chapter 13 cases, Defendants Ben-Ezra and Enrico Gonzalez filed motions for relief from stay on behalf of their clients, which sought attorney's fees from the Debtor(s) after the Chapter 13 plans were confirmed. Plaintiffs submit that all of a debtor's earnings are protected under 11 U.S.C. § 362(a) as property of the estate, even after the Chapter 13 plan is confirmed. Plaintiffs allege that when Ben-Ezra sought attorney's fees in the motion for relief from stay filed in Plaintiff Harris's bankruptcy case and when Enrico Gonzalez sought attorney's fees in his motion in Plaintiff Hecklers' case, Ben-Ezra and Enrico Gonzalez were seeking compensation from the estate. The Plaintiffs contend that the alleged sharing of that compensation with the LPS Defendants without disclosure is in direct violation with Rule 2016. All remaining causes of action: abuse of the bankruptcy process, fraud on the court, violation of the automatic stay, contempt for the Bankruptcy Code, contempt of the Federal Rules of Bankruptcy Procedure, and civil conspiracy depend on whether Defendants Ben-Ezra and Enrico Gonzalez sought or received attorney's fees from the Plaintiff's bankruptcy estate.

According to Section 1306, property of the estate under Chapter 13 includes:

7

> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a)(2) (2011). Under the Code, following confirmation, Section 1327 states that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327(b) (2011). Additionally, both Plaintiff Harris's and Plaintiff Hecklers' confirmed plans state that upon confirmation of the plan, title to the Debtor's property "shall revest in Debtor." First Am. Chapter 13 Plan, Harris, No. 08-30376, ECF No. 35, ¶ 9; Heckler, No. 09-30754, ECF No. 37, ¶ 9. The issue is whether a debtor's post-confirmation earnings, which would have paid the attorney's fees at issue here, constitute property of the estate, or are vested in the debtor.

The 11th Circuit addressed this issue head on in *Telfair v. First Union Mortgage Corporation*, 216 F.3d 1333 (11th Cir. 2000). There, the court echoed the 7th Circuit and read the two sections, 1306(a)(2) and 1327(b), "to mean simply that while the filing of the petition for bankruptcy places all the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." *Id.* at 1340 (quoting *In re Health,* 115 F.3d 521, 524 (7th Cir. 1997)). In a Chapter 13 case, after confirmation, only the amount required for the plan payments remains property of the estate. *Id.* In this case, because both motions by the Defendant attorneys were filed post-confirmation, any fees sought would have been paid outside of the plan, and therefore are not property of the estate.

All of the remaining causes of action brought by the Plaintiffs based on substantive Bankruptcy Code and Rule violations centered on the fee splitting provision under Rule 2016 and that the Defendants Ben-Ezra and Enrico Gonzalez sought fees from the estate without disclosing a fee sharing agreement with the LPS Defendants. Because Rule 2016 only requires an application

from an entity seeking compensation *from the estate*, there can be no violation of Rule 2016 since the fees sought were outside of the plan. Thus, all remaining causes of action do not need to be addressed.

### III.  Conclusion

Because it has been determined that the fees allegedly sought or received by Defendants Ben-Ezra and Enrico Gonzalez do not constitute property of the estate, there is no need to reach the validity of the other causes of action. A violation of Rule 2016 is the linchpin; without that, the other counts must fail. Therefore, the Plaintiffs' Complaints do not state claims upon which relief can be granted and are without merit. For these reasons, the Defendants' Motions to Dismiss are granted and the Plaintiffs' adversary proceedings are dismissed. Accordingly, it is hereby

**ORDERED and ADJUDGED** that Defendants' LPS Default Solutions, Inc., and Lender Processing Services, Inc.'s Motion to Dismiss (Doc. 10) and Defendant Ben-Ezra & Katz, P.A.'s Motion to Dismiss (Doc. 15) in Plaintiff Susan Marie Harris's adversary proceeding are **GRANTED**.

DONE and ORDERED in Tallahassee, Florida this 3rd day of October, 2011.

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: all parties in interest